**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. CR-18-58-RAW** |
| V. | ) | **Case No. CR-21-335-RAW** |
| | ) | |
| MATTHEW ONESIMO ARMSTRONG, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the court is Defendant Matthew Onesimo Armstrong's Pro Se Motion to Withdraw Guilty Plea [Docket Nos. 299 and 14].

Upon consideration of the motion, response and the record the court finds that Defendant's Motion was filed while he was represented by counsel. The court has no duty to consider a defendant's *pro se* motion filed while the defendant was represented by counsel. The motion was filed on July 13, 2022 while Mr. Armstrong was represented by Shena Burgess and Jack Fisher. The Tenth Circuit has made it clear that it categorically refuses *pro se* filings by represented defendants. *United States v. Castellon,* 218 F.App'x 775, 780 (10th Cir. 2007).

Pursuant to F.R.C.P. 11(d)(2)(B) a defendant can withdraw a guilty plea after it is accepted but before sentencing when the "defendant can show a fair and just reason for requesting the withdrawal." The Tenth Circuit looks to seven factors in deciding whether a defendant has met his burden, including: (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court

if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would be a waste of judicial resources. *United States v. Siedlik*, 231 F.3d 744, 748. The trial court has the ultimate discretion to determine on a case-by-case basis whether the standard has been met. *United States v. Wilcox,* 2022 WL 2253948 at #3 (quoting *United States v. Gordon, 4 F.3d 1567, 1572,*(10th Cir. 1993).

In the present case, the defendant has the burden of showing that the legal standard of "unfair and unjust" has been met. Defendant has not met that standard. Indeed, he has made no showing at all. Defendant does not claim his innocence with regard to the charges; there was significant delay in filing the motion; defendant had competent defense counsel; defendant affirmed that his plea was voluntarily and knowingly made; a withdrawal of the plea would prejudice the government and judicial resources would be wasted.

IT IS THEREFORE ORDERED that Defendant's Motion to Withdraw Guilty Plea is DENIED.

DATED this 21st day of July, 2022.

_____
Honorable Ronald A. White
United States District Judge
Eastern District of Oklahoma